JONES *v.* SIKES *et al.*

In a suit against the executor and legatees of one deceased, it was alleged that in December, 1866, by writing not dated and not under seal (setting it out) the deceased agreed, in consideration of the dismission of a *ca. sa.* sued out by the plaintiff against one of the defendants in an execution in his favor, and of $5, to pay off the execution (calling for about $4,976) if it should not be paid by the defendants therein; that on July 3, 1872, one of these defendants made to plaintiff two promissory notes for $2,000 each, with interest, due by the first of the next January; and that on the same day the deceased and the administrator of another of the defendants in the execution, by writing under seal, set out, recited the making of the two notes and the agreement of the deceased substituting himself for the defendant against whom the *ca. sa.* was sued out, and making himself liable in his stead upon the judgment, and thereupon agreed to all the terms of the contract between the plaintiff and him who gave the notes, and acknowledged themselves parties thereto. *Held:*

The obligor under the agreement not under seal was bound to pay the execution within a reasonable time; his liability was in the

nature of a security guarantor ; and the limitation of an action on the promise was six years. The last writing under seal acknowledged the liability of the deceased to pay the execution; and it may be fairly inferred from the writings that he thereby promised to do so, and that the promise was founded upon a further or another consideration than that stated in the first writing. By the last writing his liability was made only $4,000 and his time was extended to January 1, 1873; the statute of limitations did not begin to run in his favor until that date, and the period of limitation was twenty years.

(a) The petition, which is in the nature of an equitable proceeding, though somewhat loosely drawn, is not subject to general demurrer; and it is amendable by a prayer for judgment *quando acciderint* against the executor, and for decree requiring the legatees to contribute ratably to the payment of the debt from the property and effects of the deceased, if his estate has been distributed to them by the executor in good faith and without knowledge of plaintiff's claim.

May 14, 1890.

Actions. Contracts. Limitations. Consideration. Pleadings. Equity. Practice. Amendment. Contribution. Before Judge GUSTIN. Houston superior court. October term, 1889.

Reported in the decision.

J. H. HALL and HARDEMAN, DAVIS & NOTTINGHAM, by brief, for plaintiff.

A. S. GILES, M. G. BAYNE and A. T. HARPER, for defendants.

BLANDFORD, Justice.

The plaintiff in error brought his action against J. F. Sikes, as the executor of James Hardison, and against certain other persons, as legatees under the will of said James Hardison, deceased, to recover a sum of money which he alleged the deceased was indebted to him by reason of certain promises in writing. The first is to this effect :

" Georgia—Houston County : Know you that in consideration of the dismission of the *ca. sa.* sued out by James M. Jones *vs.* A. J. Barnes, as well as the pay-

ment to me by the said James M. Jones of the sum of five dollars, I hereby covenant and agree with him as follows, to wit: to assume the payment of the *fi. fa.* issued from Crawford superior court, September, 1886, said *fi. fa.* calling for four thousand nine hundred and seventy-six dollars, or thereabout. It is the understanding between the above mentioned parties that no discharge of any defendant of the above mentioned *fi. fa.* is agreed to; that the defendants in *fi. fa.* are all held liable hereafter as heretofore. That this instrument is intended not to waive any lien that said *fi. fa.* may have upon any effects that be in the hands of any of the defendants. That no substitution is intended. But that if said *fi. fa.* is not paid off by the parties liable, then the said————obligates himself, upon the considerations herewithin expressed, to pay off said *fi. fa.* and thereby hold James M. Jones harmless.

(Signed) James Hardison."

It will be observed that this writing has no date, but the declaration alleges that it was made in December, 1866. We think upon this agreement (which is not under seal) that Hardison, the obligor, was bound to pay the *fi. fa.* mentioned therein within a reasonable time thereafter, and that his liability was in the nature of a security gurantor; so that the statute of limitations upon this written promise, under the laws of this State, would be six years.

The next written promise is as follows:

"$2,000.00. 3 July, 1872.

" By the first day of January next, I promise to pay to James M. Jones, or bearer, two thousand dollars, with interest at the rate of ten per centum per annum from the date hereof, for value received.

(Signed) B. B. Barnes."

Another writing is to the same purport and effect, dated 3 July, 1872, promising to pay the same sum of money, and also signed B. B. Barnes; and then comes the following written promise:

"Whereas James M. Jones, on the 3d day of July, 1872, did by certain agreement of that date give to

Benjamin B. Barnes another, and for the day of payment upon a judgment in Crawford superior court, wherein the said Jones is plaintiff, and the said Benjamin B. Barnes, A. J. Barnes, and Wm. G. Vinson as administrator of R. A. Vinson, were defendants; and whereas James W. Hardison, by his agreement in writing, has substituted himself for the said A. J. Barnes, and has become liable in his stead upon said judgment:

" Now, therefore, we, the said Wm. G. Vinson, administrator as aforesaid, and James W. Hardison, hereby fully consent and agree to all the terms of said agreement between the said Benjamin B. Barnes and the said James M. Jones, and hereby acknowledge ourselves parties to said agreement.

"In testimony whereof we have hereunto set our hands and affixed our seals, this 3d day of July, 1872.

    J. W. Hardison (L. S.)    W. G. Vinson (L. S.)"

We think this latter writing acknowledges the liability of Hardison to pay the judgment and execution mentioned in the first writing; and it may very fairly be inferred from these writings that Hardison, the deceased, thereby promised to pay said judgment and execution, and that the same was founded upon a further or other consideration than the writing first set forth signed by James Hardison. By the last writing, Hardison's liability was to pay only four thousand dollars, and that was extended to the first of January, 1873. This was a benefit to him, and a detriment to Jones; and we think, therefore, he was liable upon these agreements. The last agreement being under seal, and not being payable until the first of January, 1873, the statute of limitations, under the laws of this State, did not begin to run in favor of Hardison until that date; so there would be a period of twenty years from that date before the plaintiff's right of action would be barred. So we think there was error in sustaining the demurrer to the declaration or petition in this case. It appears that the petition is in the nature of an equitable proceeding, and that the same is somewhat loosely drawn; but it is

not subject to a general demurrer for that reason. The plaintiff, if he thinks proper, can amend his petition so as to pray a judgment against Sikes as executor, *quando acciderint;* and also, in case the estate in his hands as such executor has been distributed in good faith, and without knowledge of the claim of Jones, to the distributees mentioned as defendants in this petition, that he may have a decree requiring them, out of the property and effects of the deceased testator, to contribute ratably to the payment of plaintiff's debt.

And the judgment is                                 *Reversed.*