Milledge vs. Gardner.

JOHN MILLEDGE, plaintiff in error, vs. JAMES GARDNER, defendant in error.

[1.] Under our statutes, the endorsement of a sealed instrument, although the signature of the endorser has no seal nor scroll attached to it, is itself a contract under seal, and the statutory bar applicable to it is twenty years.

[2.] The claims of an endorser against the maker, to refund money which the endorser has paid on a judgment against him as such, though the judgment may be dormant, and the endorser may not have got control of it by an order of Court as prescribed by the statute, is never barred by the statute of limitations, so long as the endorser has it in his power to get control of the judgment and have it revived and paid. This he may do on a judgment obtained before the limitation Act of 1856, at any time within twenty years after the rendition of the judgment.

Complaint, in Richmond Superior Court. Tried before Judge HOLT, at July adjourned Term, *1859*.

This was an action in the form prescribed by statute, brought by John Milledge, assignee, against James Gardner, as security on the following bond and endorsement, viz:

" GEORGIA—CITY OF AUGUSTA:

$2,600. *Know all men by these presents*, That I, John F. McKinne, late of the city of New York, am held and firmly bound unto James Gardner, Jr., of the city and State aforesaid, in the just and full sum of two thousand six hundred dollars; for the true payment of which, with interest from date, I do hereby bind myself, my heirs, executors, administrators, and assigns, unto the said James Gardner, his heirs, executors, administrators and assigns, firmly by these presents.

*Witness*, my hand and seal, this tenth day of June, eighteen hundred and thirty-seven.

(Signed,)          JOHN F. McKINNE, [*L. S.*]

In presence of THOMAS W. MILLER, *Not. Pub.*"

(Endorsed,) "For value received, I do hereby assign the within obligation to John Milledge, June 10th, 1837.

(Signed,)          JAMES GARDNER, Jr."

The defendant pleaded:

1st. The general issue and payment.

2d. The statute of limitations.

3d. Set-off.

4th. Payment, settlement, accord, and satisfaction.

5th. An amended plea of set-off in the nature of a debt due by plaintiff to defendant as an accommodation endorser on a note of nine hundred dollars, dated 5th January, 1842, and payable four months after date, at the Bank of Augusta, endorsed by James Gardner, Jr., Ann Milledge, John Milledge; and upon which three several judgments were obtained by the President, Directors and Company of the Bank of Augusta, against the said maker and each endorser respectively; and alleging that John Milledge and Ann Milledge, having failed and refused to pay the judgments against them, the defendant, who alleges himself to have been an accommodation endorser, as such paid off and discharged the one against himself, and that an entry to that effect was made on the *fi. fa.* against him, by the plaintiff's attorney in said case; and that thereby a right of action accrued to the defendant against the plaintiff, to the extent of the amount thus paid; and that by virtue thereof, under the laws of Georgia, he became entitled to the use and control of the *fieri facias* against the said John Milledge; and the debt thus became an indebtedness in favor of the defendant, in the nature of a judgment debt, or of a debt by statutory liability, and was so plead as a set-off to the plaintiff's claim; and that the plaintiff, by means thereof, became indebted to the defendant in said sum of money as so much money paid, laid out and discharged, for the use of plaintiff, &c. Said amended plea annexing exemplifications of three several judgments against the said John Milledge, James Gardner, Jr., and Ann Milledge, in favor of the President, Directors and Company of the Bank of Augusta.

To the said amended plea, with the exemplifications an

nexed, plaintiff's counsel excepted, and moved that it be stricken out:

1st. Because, as contended, there was no privity between the plaintiff in those judgments and the defendant in the present proceeding, except as to the judgment against himself, which was paid off and satisfied on the second day of January, eighteen hundred and fifty, and the judgment, if unsatisfied, would be dormant, by the statute of limitations, and in no event could be plead as a set-off against the plaintiff, in this cause.

2d. As to the judgments against John Milledge and Ann Milledge, by defendant's own showing, executions had never issued on either of them, and therefore they were both dormant and barred by the statute of limitations; the judgments, as well as judgments and *fi. fas.*, if *fi. fas* had been issued.

3d. Because the defendant, even as an accommodation endorser, is not entitled under the statute, in such cases provided, to use such *fi. fas.* except permitted by order of the Court, after having paid the costs; both of which he failed to show.

4th. The plaintiff's counsel insisted, that as to the exemplification of the judgment against Ann Milledge, in any event that should be stricken out of the amended plea, as irrelevant and tending to complicate and encumber the pleadings, it appearing by his own showing, that she was a subsequent endorser to the said James Gardner, Jr., upon the note on which the judgments were obtained.

The Court overruled the objections of the plaintiff as to said amended plea, both *in whole* and *in part*, and sustained the defendant by deciding (though with some apparent reluctance,) that the whole of said amendment should be received, for the then present; to which rulings and decisions of the Court, plaintiff's counsel excepted and assigned as error.

And in the further progress of the trial of said issue, the plaintiff having read the pleadings, original and amended,

and introduced in evidence the bond and endorsements and transfer thereof, before described, closed his case.

The defendant, by his counsel, moved for a nonsuit, because defendant's liability was alone upon a parol endorsement of a sealed instrument, and that he was protected by the statute of limitations after six years from his undertaking—it being a collateral undertaking, and he not being liable under the statute of limitations applicable to instruments under seal.

Plaintiff's counsel contended that by his endorsement the defendant became security on the bond he endorsed, and as such was liable, until the same should be paid off and discharged.

The Court, after argument, granted the nonsuit, holding that the cause of action, arising on said endorsement and assignment of said bond, was barred after six years from the date or making thereof.

To which decision and order counsel for plaintiff excepted.

J. C. & C. SNEAD; MILLERS & JACKSON; and E. A. NISBET, for plaintiff in error.

E. STARNES, contra.

By the Court.—STEPHENS J. delivering the opinion.

[1.] The first question is, whether the statutory bar applicable to this action is twenty years, the period applicable to contracts under seal, or six years, the period applicable to written contracts not under seal; and this question depends upon the further one, whether this endorsement makes a sealed contract or not. The presiding Judge held, that it did not, but we think it does. The paper is assignable by endorsement under our Judiciary Act of 1799. Our Act of 1826, Cobb's Dig. page 494, gives the endorser of assignable

paper, the privilege of defining his liability in his endorsement, but fixes a statutory liability in the absence of an expressed one. The endorsement in this case, is the simplest possible. It does not express nor hint any liability at all. It is a simple transfer of the paper, signed by Mr. Gardner, the defendant. It is then a clear case where the statute fixes the liability. The statute enacts that " whenever any person whatever endorses a promissory note or other instrument, he shall be held, taken, and considered as security to the same, and be in all respects bound as security, until said promissory note or other instrument is paid off and discharged." Remarking that the liability to which this statute relates, is the liability of an endorser to the holder, and not perhaps the liability of endorsers among themselves, I think it is exactly that of a security. An endorsement which does not define the liability to be created by it, is, under this statute, so far as the holder is concerned, simply a mode of signing the paper as security. Now this endorsement has no seal nor scroll attached to it, but the instrument to which it serves as a signature as security, is a sealed instrument. The intention expressed in the body of it, that it shall be a sealed instrument, makes it one under our Act of 1838, without any seal or any scroll attached to any one of the signatures to it. Whoever signed it, whether as principal or as security or as endorser, and whether with or without a seal or scroll attached to his signature, signed a paper which by its own terms was a sealed instrument under the statute. The endorsement expressing no contract in itself, accedes to the contract which *is* expressed in the paper, and *that* is a specialty contract. It does this, if it does anything. The endorsement then created a specialty contract, and the statutory bar applicable to it is twenty years instead of six years.

[2.] Was the set-off as pleaded a good one originally, and if so, what is the statutory bar applicable to that? The case stated by the plea, is that Mr. Gardner, the defendant, had paid off a judgment obtained against him as endorser on a

note whereon judgments had likewise been obtained against Mr. Milledge, as maker, and Mrs. Ann Milledge, as a subsequent endorser, and the plea set out all these judgments as a description to identify the contract on which Mr. Gardner had paid money for the use of Mr. Milledge. We cannot see any reason to doubt that the plea states a clear matter of set-off. Nor do we think it is barred by the statute of limitations. We think it is a debt due by judgment under our statute giving endorsers and securities the control of executions which they may pay off, for reimbursement, out of the principal. It was insisted that the judgment was dormant. So it was, but it was not dead. It only slept, and could have been waked, and new vigor infused into it. The money expressed in it, was still a debt due on judgment, and the statutory bar applicable to the *debt* was twenty years. It was insisted again that the plea did not show that Mr. Gardner had control of the judgment, because it did not allege that he had paid the cost due on it, and obtained an order of Court giving him control in the manner prescribed by statute. It is immaterial to this purpose, whether Mr. Gardner had control of the judgment or not. He surely had a right, at the very time when Mr. Milledge brought this suit against him, to pay off the costs and get an order giving him control of the judgment, and then to revive the judgment and make Mr. Milledge refund to him every dollar due on it. That is to say, he pleaded a cross debt which he had the means of forcing Mr. Milledge to pay, and which therefore was not, and could not be *barred*.

Judgment reversed.