LATHAM vs. KOLB et al.

Where suit was brought on promissory notes by one of the signers thereof, who alleged that she was a surety, against two other signers, one of whom was sued as principal and the other as a co-surety, and where the cause of the action set out as against the surety was barred by the statute of limitations, and it appeared that the defendant, sued as a principal, was a minor when the notes were given, and there was no allegation that the property for which they were given was necessary for the defendant, there was no error in dismissing the declaration or demurrer.

(a.) Where there was no cause of action set out, the case might be dismissed on oral demurrer at the trial term.

May 1, 1886.

Promissory Notes. Principal and Surety. Statute of Limitations. Practice in Superior Court. Before Judge WILLIS. Harris Superior Court. October Term, 1885.

On March 31, 1884, Mrs. S. L. Latham (formerly Kolb) brought her action against P. V. Kolb and T. B. Camp, alleging that they were indebted to her, as bearer, on two promissory notes attached to the declaration. The allegations are confused, but are, in substance, as follows: P. V. Kolb, who was then a minor, purchased two horses from one Brotherton, and gave the notes for them. Camp, who was Kolb's guardian, signed the note, and the plaintiff also signed as security at the special instance of Kolb, who stated that she would not be troubled; that Camp, who also would sign, owed him enough to pay off the debt when it became due. When the notes became due, the plaintiff requested Camp to pay them out of the funds of Kolb in his hands as guardian, which Kolb also requested him to do, and promised to give a receipt for that amount upon arriving at age, but Camp refused to do so, and "forcibly,

wrongfully, fraudulently and unlawfully " paid the amount out of funds in his hands belonging to the plaintiff. She did not know this until Camp wrote her to that effect, and she refused to ratify his action and demanded her money, which he refused to pay, though Kolb since became of age and was willing that it should be done. She has since demanded payment of both Kolb and Camp, but it has been refused.

The copy notes attached to the declaration showed that they were dated February 8, 1875, due on or before the fifteenth day of October thereafter to Brotherton or bearer, and signed by P. V. Kolb, L. Kolb and T. B. Camp, security.

By an amendment at the October term, 1885, the plaintiff struck all allegations of wrongful, forcible and fraudulent payment by Camp and the allegation that he was guardian, and alleged that her money paid the notes ; that she was a surety, and that she sues on the notes, and is entitled to contribution from Camp.

The defendant filed a plea to the merits, unsworn to, but on the trial demurred orally to the declaration, and it was dismissed. The plaintiff excepted and assigned error thereon, and on the ground that the demurrer *ore tenus* at the trial should not have been heard.

W. L. LATHAM ; GEO. LATHAM, for plaintiff in error.

No appearance for defendants.

JACKSON, Chief Justice.

This is an action brought by Mrs. S. L. Latham against P. V. Kolb, principal, and T B. Camp, security, on two promissory notes, signed and sealed by P. V. Kolb, and the petitioner, then Miss S. L. Kolb, and signed but not sealed by Camp as security.

The record is quite confused, and it is difficult to decipher it so as to ascertain the precise case made by the

declaration, which declaration the court dismissed on the trial term, and on that judgment of dismissal error is assigned. It appears, as far as we can fathom it, to be a case brought first against both defendants to recover the full amount of the notes, on the ground that they were given for property Kolb, who was a minor when the notes were given, got, to-wit, a couple of horses; and by amendment in striking out certain parts of the original declaration and adding thereto, it seems to be leveled more at Camp alone, alleging that he is co-surety with her for Kolb, and having money of his in his hands, is bound to contribute to her loss, as he paid her money for the horses,—which seems to be a new cause of action. Whether so or not, we do not see how she can recover from either, because, as against Camp, the surety, who did not put his seal to the notes, the suit being upon them, the statute of limitations bars her recovery; and as against Kolb, he was a minor when she went his security on the notes, and there is no allegation of any sort that the horses were necessaries in any way to him. The notes sued on were given and due in 1875, and the suit was brought in 1884; so that the statute bars recovery against Camp, and against the minor she cannot recover on the notes without more than is alleged by her.

The conclusion is that the court did not err in dismissing the declaration. There is nothing in the point that it was too late to dismiss on oral demurrer at the second or trial term.

Judgment affirmed.