## RUDOLPH *v.* SELLERS.

A written communication referring to an account upon which the writer had been sued, and which was barred by the statute of limitations, will not, unless it contains a promise to pay, or an acknowledgment of liability, relieve the account from the bar of the statute ; and this is true though such communication with reasonable certainty identifies the account in question as that upon which the action was brought.

Submitted November 23, 1898. — Decided February 11, 1899.

Certiorari. Before Judge Sweat. Coffee superior court. January 3, 1898.

*Ward & Smith* and *F. W. Dart*, for plaintiff.

Cobb, J.　In May, 1897, suit was brought in a justice's court upon open account, to which the defendant pleaded the general issue and the statute of limitations. The account was as follows: 1892, January 1. To rent of dwelling-house and land . . one year, $50. 1896, August 17. By cash, $20. 1897, April 26. By cash to Gus L. Brack, or order, $16. Balance, $14. The plaintiff introduced a letter from the defendant to the plaintiff, dated May 19, 1897, which was as follows : "Enclosed you will find receipt from G. L. Brack for $16. Mr. Brack, without notice to me, has sued me for $14, with interest. I have already paid you a great deal more than I got from the place; still I intended to pay what you claimed. Though as your attorney Gus Brack has sued me without notice, I will see you when you get it." There was evidence that in the year 1892 the plaintiff had leased his house and lot to the defendant for the price stated in the account; that they had no written contract; that the defendant had paid the amounts credited, but that none of the credits were entered on the account by the defendant. The jury rendered a verdict in favor of the plaintiff for $14, with interest. The defendant carried the case to the superior court by certiorari, alleging that the verdict was contrary to law and the evidence. The certiorari was overruled, and the defendant excepted. The sole question in the case is whether the letter quoted above amounts either to a "new promise" or such a "written acknowledgment of [an] existing liability" as would be

equivalent to a new promise and have the effect to relieve the account from the bar of the statute of limitations. Civil Code, §§ 3788, 3789. Conceding that the letter relied upon for this purpose identifies the debt with reasonable certainty, it does not contain either a new promise or such an acknowledgment of liability as would relieve the account from the bar of the statute. It not only does not contain an unequivocal promise to pay the account, or an acknowledgment that would amount to such a promise, but on the other hand distinctly sets forth a deliberate purpose never to pay. The expression, "I will see you when you get it," can only mean a repudiation of all liability and an absolute refusal to pay. The expression, "still I intended to pay what you claimed," taken in connection with what precedes it, could at most mean that there was at some time in the past an intention to pay an amount which the defendant was under no obligation whatever to pay. It follows, therefore, that the justice of the peace should have held that the action was barred by the statute of limitations, and the certiorari complaining of his refusal so to do should have been sustained. *Judgment reversed. All the Justices concurring.*