BALDWIN FERTILIZER CO. *v.* CARMICHAEL, adm'x.

1. A contract attached to a promissory note and signed by the payee thereof, in which he undertakes to transfer the note "and guarantee it as free from any defense that could be made under sec. 2785 of the Code of Georgia, and also guarantee payment in full on the day it is due," is in this State a contract of indorsement.
2. The note being a sealed instrument, the statutory bar applicable to the contract of indorsement is twenty years, though no seal follows the signature of the payee thereto.
3. Where the petition seeking to recover on such a contract as that above quoted describes the defendant as a "guarantor," it is competent to amend by describing him as indorser, even if such an amendment is necessary in order to authorize a recovery on the contract.

Submitted November 22, — Decided December 12, 1902.

Complaint. Before Judge Hart. Greene superior court. September term, 1901.

*G. A. Merritt* and *J. P. Brown*, for plaintiff, cited Civil Code, §§ 5106, 3682, 3765; Acts 1838, p. 72; Acts 1855–6, p. 234; 13

*Ga.* 313; 29 *Ga.* 700; 31 *Ga.* 210; 56 *Ga.* 76 (2), 77; 85 *Ga.* 19; 94 *Ga.* 649 (1); 112 *Ga.* 479; 1 Enc. Pl. & Pr. 540, n. 3; 16 Id. 947–8; 14 Am. & Eng. Enc. L. (2d ed.) 1141–2, 1149; 26 Am. St. R. 392; 31 Iowa, 9; 47 Mich. 70.

*James B. Park*, for defendant, cited 85 *Ga.* 546 (1); 108 *Ga.* 18; 112 *Ga.* 476.

COBB, J.　The plaintiff brought suit, on March 7, 1901, against Carmichael on a contract of which the following is a copy:

"For value received, I transfer the within note to Baldwin Fertilizer Co., and guarantee it as free from any defense that could be made under sec. 2785 of the Code of Georgia, and also guarantee payment in full on the day it is due.　This June 20, 1894.

J. F. Carmichael, per Jas. Davison, Atty."

This contract was attached to the note to which it referred, and Carmichael was the payee of this note, which was a sealed instrument and was dated May 11, 1894. Pending the case in this court, Carmichael died, and his administratrix was made a party in his stead.　The petition described Carmichael as a "guarantor," and the suit was brought against him as such.　The defendant made a motion to dismiss the petition, on the ground that the contract sued on was barred by the statute of limitations, and upon the further ground that the record in the case showed, which was conceded to be true, that the principals were non-residents of Greene county and had never been sued on the contract.　Pending the consideration of this motion, the plaintiff offered an amendment to the petition, seeking to strike the word "guarantor" wherever it occurred in the petition, and to substitute the word "indorser," thereby changing the petition so as to allege that defendant was liable to plaintiff as indorser instead of guarantor.　The court refused to allow the plaintiff to amend, and dismissed the petition on the grounds stated in the motion to dismiss.　To each of these rulings the plaintiff excepted.

Under the former decisions of this court, the contract sued on seems to be one of indorsement.　It was made, according to the allegations of the petition, for the purpose of transferring the note to the plaintiff in satisfaction of a claim held by it against the defendant, and the mere use of the word "guarantee" will not make the contract one of guaranty.　The case of *Patillo* v. *Alexander*, 96 *Ga.* 60, seems to be controlling in principle on the question.

See also *Vanzant* v. *Arnold*, 31 *Ga.* 210; *Geiser Mfg. Co.* v. *Jones*, 90 *Ga.* 309. If the contract was one of indorsement, then, under the ruling made in *Milledge* v. *Gardner*, 29 *Ga.* 700, the suit was not barred. In that case it was ruled : "Under our statutes, the endorsement of a sealed instrument, although the signature of the endorser has no seal nor scroll attached to it, is itself a contract under seal, and the statutory bar applicable to it is twenty years." It is true that in the case of *Ridley* v. *Hightower*, 112 *Ga.* 476, which followed a decision made in *Latham* v. *Kolb*, 76 *Ga.* 291, this court refused to extend the ruling of the *Milledge* case to a contract of suretyship; but that decision is left unimpaired so far as regards a case to which it is directly applicable; and this is such a case, the defendant here, as well as in the *Milledge* case, being a technical indorser. It is true that in the *Ridley* case it was suggested that when the *Latham* case in the 76 *Ga.* was decided, the court probably thought, although no reference was made to the *Milledge* case, that the change made in the law by the act of 1856, now embodied in Civil Code, § 3765, rendered that decision inapplicable to the case then in hand; but the real distinction which the court in the 112 *Ga.* drew between that case and the *Milledge* case was that one involved a contract of suretyship and the other one of indorsement. That case, therefore, is only authority for the proposition that the two contracts referred to were essentially different with respect to the question then being dealt with. The *Milledge* case was decided when the act of 1838 (Cobb's Dig. 274) was of force, and this act, as well as the act of 1856, prescribed simply when an instrument should be considered as being under seal, and made no reference whatever to the question whether an indorsement or other similar contract should be regarded as being under seal merely because the contract to which it referred was under seal. We do not think, therefore, that any change has been made in the law since the *Milledge* case was decided that could affect the decision then made. This being so, that decision is controlling upon us here, and the suit was not barred.

We are also of opinion that the plaintiff should have been allowed to amend so as to charge the defendant as an indorser instead of a guarantor, if indeed such an amendment was an indispensable prerequisite to a recovery. The cause of action set forth in the petition was the right to recover on the contract set out therein.

The fact that the plaintiff may have erroneously construed the contract would not operate to dismiss the action. We question whether any such amendment was necessary, and whether the court should not have construed the contract independently of any construction which the plaintiff may have put upon it. See, in this connection, *Williamson* v. *White*, 101 *Ga.* 279; *Thompson* v. *Hight*, 13 *Ga.* 311; *Callaway* v. *Harrold*, 61 *Ga.* 111. But certainly under our system of amendments, an amendment which did not change the contract in any respect, but merely corrected an erroneous construction of the same, should have been allowed. See, in this connection, *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968, and cases cited.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*