## LAMBERT *v.* DOYLE.

LAMAR, J.   1. In a suit on an account, to which the plea of the statute of limitations has been filed, a letter from the defendant to the attorney of the plaintiff, stating, "It will be absolutely impossible for me to give you anything before after the 1st of June. I will send you check for something then. . . Hope to be able to clear your acct. quick," is not sufficient to relieve the bar of the statute of limitations.

2. The written acknowledgment or new promise to pay must clearly and distinctly identify the particular account, note, demand, or chose in action to be renewed, and there must also be therein either an express promise to pay the claim, or such an absolute and unqualified admission of it as an existing indebtedness that the law would imply a promise to pay the same. *Kelly* v. *Strouse,* 116 *Ga.* 872.

3. Where a plea of the statute of limitations is filed, and the defendant, though not represented at the trial, within due time presents a bill of exceptions containing a correct statement of the evidence, and assigns as error that the court directed a verdict for the plaintiff, a new trial will be ordered when it appears that the account sued on was in fact barred, and had not been revived by a new promise or written acknowledgment. *Kelly* v. *Strouse,* 116 *Ga.* 872.                    *Judgment reversed.   By five Justices.*

Argued January 16,—Decided February 7, 1903.

Complaint—appeal.   Before Judge Lumpkin.   Fulton superior court.   March 13, 1902.

*S. D. Johnson,* for plaintiff in error.