PRESTON *v.* DOZIER.

HOLDEN, J. 1. Where a bank to which a check on another bank is presented for payment requires the payee to procure a third person to indorse the check, and this is done, and the bank to which the check is presented then cashes it for the payee on the faith of this indorsement, which is neither necessary nor proper for the transmission of title to the check

in the negotiation thereof, but is for the sole purpose of guaranteeing payment of the check, such indorser becomes a surety thereon. *Sibley* v. *Bank*, 97 *Ga.* 126 (25 S. E. 470) ; *Atkinson* v. *Bennet*, 103 *Ga.* 508 (30 S. E. 599) ; *Buck* v. *Bank*, 104 *Ga.* 660 (30 S. E. 872) ; *Ridley* v. *Hightower*, 112 *Ga.* 476 (37 S. E. 733).

(a) In order to bind a surety, it is not necessary to give him the notice of dishonor and protest provided for by Civil Code, § 3688, in respect to indorsers of promissory notes and bills of exchange. *Sibley* v. *Bank*, supra.

2. Even if the cashier who paid the check, as agent of the defendant in error, who was a banker, was without authority to pay it with the funds of his principal, his action in so doing was ratified by the defendant in error, who brought suit on the check in his own name.

3. Under the pleadings, and the undisputed evidence showing that the defendant in error through his agent cashed the check, on which the plaintiff in error was surety, and which was never paid, there was no error in directing a verdict against the plaintiff in error.

     *Judgment affirmed. Beck, J., absent, The other Justices concur.*

     AUGUST 10, 1910.

Complaint. Before Judge Reagan. Butts superior court. February 18, 1909.

*John R. L. Smith,* for plaintiff in error.

*Henry M. Fletcher,* contra.