### 11749.    MITCHELL *v.* GRAHAM *et al.*

It affirmatively appearing from the petition that the note sued upon was, as to the surety thereon, barred by the statute of limitations, and the proffered amendment failing to allege facts sufficient at law to toll the running of the statute, there was no error in rejecting the amendment and in thereafter entering judgment discharging the surety.

DECIDED MAY 12, 1921.

Complaint; from Floyd superior court — Judge Nunnally presiding. June 18, 1920.

*W. B. Mebane,* for plaintiff.

*Willingham, Wright & Covington, Maddox & Doyal,* for defendants.

LUKE, J.   On December 21, 1917, Mitchell filed suit against the Griffin Hardware Company, as principal, and Graham, as surety, on a certain promissory note, dated January 1, 1908, and due twelve months after date, there being on the back of the note several entries as to the payment of interest thereon. The surety filed a demurrer and answer, but the principal failed to plead, and a default judgment was entered as to it. Subsequently the plaintiff tendered an amendment to his petition. This amendment was objected to on the ground that the litigation was at an

end, since the default judgment against the principal was tantamount to a finding discharging the surety of all liability on the note. The court disallowed the amendment, and entered judgment discharging the surety. To this ruling and judgment the plaintiff excepted.

Regardless of whether or not the default judgment against the principal alone concluded the case and operated as a discharge of the surety, the court did not err in rejecting the proffered amendment and in thereafter rendering judgment discharging the surety. However, it may not be amiss to state, in passing, that we are clearly of the opinion that the ruling in the case of *Howard* v. *Johnson*, 91 *Ga.* 319 (18 S. E. 132), is not authority for the position that in a suit against a principal and a surety, where the latter defends and the former does not, a default judgment against the principal will ipso facto operate to discharge the surety. In that case it was said: "The trial took place on a defense presented alone by the surety, the principal not defending; and the *verdict* rendered was in favor of the plaintiff against the principal only, and was silent as to the surety. This was in accordance with the form of verdict which the court instructed the jury to bring in *if they found the surety was discharged or not* bound." (Italics ours). Obviously, therefore, the all important distinction between that case and the instant case is that in the former the *jury* found the surety not liable whereas in the latter the question as to the liability of the surety was not presented to the jury.

The demurrer filed by the surety raises the point that the note sued upon was barred by the statute of limitations. There being no seal or anything intended as a representation thereof after the surety's signature, the note was not as to him a sealed instrument, and was barred after the lapse of six years from the time the right to sue accrued. See *Ridley* v. *Hightower*, 112 *Ga.* 476 (2) (37 S. E. 733), and cases there cited. The note, which is dated January 16, 1908, was made payable January 16, 1909, and suit was not filed until December 21, 1917. This being true, the petition was undoubtedly subject to demurrer on the ground that the action was barred by the statute of limitations; and we are therefore mainly concerned with the question as to whether or not the proffered amendment alleged facts sufficient to prevent the running of the statute of limitations. A written entry of payment

upon a note by the debtor or any other written acknowledgment of the existing liability, is equivalent to a new promise to pay (Civil Code of 1910, § 4385), and will, if made in his handwriting or subscribed by him or some one authorized by him, renew a right of action already barred or constitute a point from which the limitation shall commence running on a right of action not yet barred. Civil Code (1910), § 4383. However, "A payment by the principal or maker of a promissory note, before barred by the statute, does not constitute a new point for the running of the statute of limitations as against the endorser or surety, unless such endorser or surety be a party to such payment." *Hunter* v. *Robertson,* 30 *Ga.* 479. And, in order for an alleged acknowledgment to take the case out of the statute of limitations, there must be a clear and unequivocal acknowledgment of the debt, and the writing relied upon for this purpose must clearly refer to the very debt in question. *Martin* v. *Broach,* 6 *Ga.* 30 (50 Am. Dec. 306); *Walker* v. *Griggs,* 32 *Ga.* 119; *McBride* v. *Hunter,* 64 *Ga.* 655 (1) 661; *Gartrell* v. *Linn,* 79 *Ga.* 703 (4 S. E. 918); *Rogers* v. *Burr,* 105 *Ga.* 432 (4) 447 (31 S. E. 438, 70 Am. St. Rep. 50). In *Walker* v. *Griggs,* supra, it was held that "where the promise relied on refers to notes generally, without specifying amount, dates, etc., the promise is insufficient." In the case of *Abercrombie* v. *Butts,* 72 *Ga.* 74 (1), it was held: "An acknowledgment, to relieve the bar of the statute of limitations, must be made known to some person. A mere private memorandum, unsigned, and found after the death of the maker, is not sufficient." See also, in this connection, the case of *McLin* v. *Harvey,* 8 *Ga. App.* 360 (2) (69 S. E. 123), and numerous cases there cited.

In the instant case it is alleged in the amendment that the note shows an entry as to the payment of interest made by one W. J. Griffin, a cosurety, on January 19, 1912, and that the defendant surety, who was at that time acting as bookkeeper for the principal, made an entry on the company's private books and ledger as to the payment of this interest. The entry so made is, as set out in the amendment, in the following words and figures: "Jan. 19, 1912-1919 interest and disct. $118.00." It being admitted, therefore, that the defendant did not himself make the entry of payment upon the note, can it be said that the mere clerical act of the surety in recording such an entry upon the books of the cor-

poration was a legal acknowledgment of the existence of the. debt against himself as to interrupt the running of the statute? We think not.   The above words and figures posted upon the books by the surety are indefinite, unsigned, and in nowise identify the same as a payment upon the note in question.   Hence, under the above decisions, the entry by the surety on the private books of the corporation of the words and figures, "Jan. 19, 1912-1919 interest and disct. $118.00," is not, as a matter of law, sufficient to create a new promise.

It follows that the court did not err in rejecting the proffered amendment, and in thereafter entering up judgment discharging the surety.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*