## 22619. SMITH v. VICKERS et al.

STEPHENS, J. 1. Prior to the enactment of the negotiable-instruments law, approved August 18, 1924 (Ga. L. 1924, p. 126, Michie's Code, § 4294), an indorsement upon a note by one other than the payee, whose indorsement is not necessary to pass title, constitutes a contract of suretyship only; and where such indorser does not contract under seal, although the execution of the note by the maker was under seal, the right of action on the contract of indorsement becomes barred after the expiration of six years from the date of its accrual. *Sibley* v. *American Exchange National Bank*, 97 *Ga.* 126 (25 S. E. 470); *Ridley* v. *Hightower*, 112 *Ga.* 476 (37 S. E. 733); *Mitchell* v. *Graham*, 27 *Ga. App.* 60 (107 S. E. 373); *Lanier* v. *Berry*, 41 *Ga. App.* 34 (151 S. E. 821); *Thompson* v. *Bank of*

*Buckhead*, 45 *Ga. App.* 94 (163 S. E. 255); Civil Code (1910), § 4361. If, under the provisions of sections 63 and 64 of the negotiable-instruments law, such contract is one of indorsement, and is not one of guaranty or suretyship only, and a suit thereon for any reason is not barred until after a lapse of twenty years after the right of action upon the indorsement accrues, such provisions of the negotiable-instruments law affect the nature and character of the contract, and not the period of limitation within which suit must be brought. Since these provisions operate to change the contract, they have no retroactive effect, and therefore have no application as respects a contract of indorsement constituting a contract of suretyship or guaranty, executed prior to the passage of the act.

2. The petition, in a suit by the payee of a note which was executed prior to the passage of the negotiable-instruments law, against the indorsers thereon, neither of whom is the payee of the note, where such indorsements are not under seal, is subject to demurrer upon the ground that the suit is barred by the statute of limitations, where it appears that the note, and therefore the accrual of a right of action against the indorsers thereon, matured January 16, 1924, and the petition was filed April 5, 1932, and therefore more than six years after the right of action accrued. The demurrer was properly sustained.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 9, 1933.

*Kelley & Dickerson,* for plaintiff.
*E. L. Grantham, Mingledorff & Gibson,* for defendant.