26478. COLLIER, adm'x., *v.* GEORGIA SECURITIES CO.

DECIDED MARCH 12, 1938.

*Jere S. Ayers,* for plaintiff in error.

*Tolnas & Middlebrooks, Maddox & Futral,* contra.

MACINTYRE, J. The Georgia Securities Company sued A. W. Epps, W. H. Epps, Ned Pendergrass, Mrs. B. H. Collier as administratrix of the estate of B. H. Collier, and Mrs. W. P. Frost as administratrix of the estate of E. S. Lord, to recover $173.68, the balance due on a promissory note, together with interest and attorney's fees. The petition alleges: "The defendants A. W. Epps and W. H. Epps are principals, and Ned Pendergrass, B. H. Collier, and E. S. Lord were sureties upon said note;" that B. H. Collier died "on the . . day of January, 1930," and Mrs. B. H. Collier qualified as administratrix of his estate March 3, 1930; that E. S. Lord died "on the —— day of January, 1929," and Mrs. W. P. Frost qualified as administratrix of his estate February 4, 1929; and that attorney's fee notice was duly given the defendants. The note declared on was for the principal sum of $328.72, dated July 28, 1928, payable to the order of The Georgia Securities Company ninety days after date, and signed by A. W. Epps and W. H. Epps as principals. On the back of the note were the names Ned Pendergrass, B. H. Collier, and E. S. Lord, and the following credits: "Nov. 9, 1928, $100. July 29, 1929, $75." The note was joint and several. Mrs. B. H. Collier as ad-

486

ministratrix of the estate of B. H. Collier is the only plaintiff in error in this case. Her final exception is to the following judgment: "The within demurrer is overruled, the plaintiff having amended its original petition."

For convenience, the plaintiff in error will be herein referred to as "defendant," and the defendant in error as "plaintiff." The defendant demurred to the original petition upon the grounds that it set out no cause of action, and the cause of action was barred by the statute of limitations. To meet this demurrer the plaintiff offered to amend the original petition by adding thereto a paragraph numbered 8. This amendment was allowed, subject to the right of the defendant to object to it later and demur to the petition as amended. Paragraph 8 begins: "Plaintiff avers that the payment of said note was extended to July 10, 1929, and said sureties consented to said extension of time, as shown by the written contract hereto attached marked exhibit B." This exhibit is in the form of a letter, dated July 29, 1929, addressed to plaintiff at Athens, Georgia, and signed *only* by B. H. Collier and Mrs. E. S. Lord as administratrix of the estate of E. S. Lord. The body of the writing reads: "Referring to your note of July 28, 1928, for $328.72, due ninety days after date, signed by Messrs. A. W. Epps and W. H. Epps, and endorsed by Messrs. Ned Pendergrass, B. H. Collier, and E. S. Lord, containing a credit of $100 on November 9, 1928, and upon which we understand Mr. Epps has paid an additional $75 on July 29, 1929. We beg to advise that whereas the makers of this note desire that no suit be filed upon this note at the present time and that you wait until after October 10, 1929, before enforcing payment of this note by suit, we consent and agree that this extension of time be granted the makers of this note."

The defendant next filed written objections in the nature of a demurrer to the allowance of the amendment, which were substantially as follows: 1. There was no sufficient cause of action to amend by. 2. The "amendment refers to one contract, and the copy of the contract . . attached as an exhibit . . is not the same one . . set forth in the amendment." 3. The amendment "does not set forth the purpose of the same, nor . . why it is material as against . . defendant." 4. The alleged contract . . shows on its face that it is not based on any consideration. 5. The "consenting to an ex-

tension of time to the makers of the note . . has no force or effect as against this defendant, not being based on any consideration to either of the makers of the note, or those sureties" signing the agreement of extension. 6. The amendment "is not sufficient to relieve the note . . from the bar of the statute as applied to this defendant . . because it is not alleged that the extension . . was based on a consideration, because the allegation . . is that the sureties consented to the extension, and the alleged contract . . shows on its face that it was an extension based on no consideration and was a mere indulgence. . . " 7. Should the court construe the alleged contract as based on a consideration and binding on the defendant, "then the document itself . . expressly states that the indulgence from action on the note as against the makers is from . . July 29, 1929, to October 11, 1929,—the exemption 2 months and 12 days; and when such exemption is deducted from the running of the statute the note is barred. . . " 8. With the amendment allowed "no cause of action is set forth . . against this defendant, and more than six years having elapsed (allowing all legal exemptions and deductions), the note . . is barred by the statute of limitations, so far as applies to this defendant."

The defendant's demurrer to the petition as amended is substantially as follows: 1. It sets out no cause of action. 2. Taken alone, or with the original petition, the amendment "shows that the note is barred by the statute of limitations as against this defendant." 3. The amendment does not set forth its purpose, or other reasons why the same is material. 4. The "contract attached as an exhibit shows the same not to be the same contract . . described in the amendment." 5. The "contract attached, which is the basis of the amendment, shows on its face that it is without consideration." 6. "Because, after deducting two months and twelve days, as called for in the contract or agreement attached to the amendment, in addition to the exemptions and deductions mentioned . . in the original demurrer, the petition as amended shows that more than six years had elapsed before the filing of the petition, and, therefore, said action is barred by the statute of limitations."

Being satisfied that the demurrers pertaining to matters other than the statute of limitations are without merit, we shall direct

our attention to the controlling question in the case, to wit, whether the cause of action was barred by the statute of limitations. The limitation applicable to the defendant surety is six years. Code, § 3-705; *Ridley* v. *Hightower*, 112 *Ga.* 476 (37 S. E. 733) ; *Thompson* v. *Bank of Buckhead*, 45 *Ga. App.* 94 (163 S. E. 255) ; *Smith* v. *Vickers*, 47 *Ga. App.* 443 (170 S. E. 680). The note matured October 26, 1928, and suit was filed September 10, 1936—seven years, ten months, and fourteen days thereafter. If the one month and three days elapsing between the death of the surety and the appointment of the defendant as his administratrix (Code, § 3-804), plus the twelve months allowed the administratrix for ascertaining the condition of the estate (Code, § 113-1505), be deducted from seven years, ten months, and fourteen days, the action would still be barred by the statute of limitations. On the other hand, if the facts pleaded are sufficient to extend the maturity of the note, in so far as the defendant is concerned, to October 11, 1929, and proper deductions are made, the action was not barred by the statute. Our view is that, fairly construed in connection with the exhibit attached thereto, the amendment shows that as between the makers and the payee the note was extended to October 11, 1929, and that the defendant surety agreed in writing to that extension. Our reply to the contention that the alleged extension agreement was ineffectual because without a consideration is that it was fully executed by the plaintiff's waiting until "after October 10, 1929," to file suit. In this connection see *Jones* v. *Sikes*, 85 *Ga.* 546 (11 S. E. 664). We think the facts of the instant case differentiate it from the case chiefly relied on by counsel for the plaintiff in error, to wit, *Thompson* v. *Bank of Buckhead*, supra, one difference being that the "mere request by the executor for . . indulgence, which the creditor granted," referred to in the *Thompson* case, was not in writing. Indeed, this court cited as authority for the holding in the third division of the syllabus in that case Code, § 3-901, which reads as follows: "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him." We hold that the court properly overruled the

written objections to the amendment and the demurrers to the petition as amended.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*