### 27175. HOPKINS AUTOMOBILE EQUIPMENT CO. *v.* LYON.

DECIDED FEBRUARY 21, 1939.

*Paul H. Butler, Durwood T. Pye,* for plaintiff.
*James A. Branch, Thomas B. Branch Jr.,* for defendant.

GUERRY, J. Hopkins Automobile Equipment Company filed suit on a promissory note signed, "D. P. Lyon (seal)," and on the back of the note was the blank indorsement, "R. F. Lyon." The note was dated August 15, 1929. Suit was filed November 9, 1937. The defendant, R. F. Lyon, filed a general demurrer alleging that no cause of action was set out as against him, and that it affirmatively appeared from the petition that the note was barred by the statute of limitations, his signature not being under seal. The court sustained this demurrer and error is assigned upon this ruling.

Before the passage of the negotiable-instruments law (Ga. L. 1924, p. 126 et seq.), "A person who merely writes his name on the back of such a paper [a note or bill of exchange] to guarantee its payment, but whose indorsement is neither essential to nor

proper in the due transmission of title in the course of negotiation, is a surety only, and is not entitled to notice as an indorser." *Sibley* v. *American Exchange National Bank,* 97 *Ga.* 126 (4) (25 S. E. 470); *Ridley* v. *Hightower,* 112 *Ga.* 476 (37 S. E. 733); *Preston* v. *Dozier,* 135 *Ga.* 25 (68 S. E. 793); *Taff* v. *Larey,* 29 *Ga. App.* 631 (116 S. E. 866); *Smith* v. *Vickers,* 47 *Ga. App.* 443 (170 S. E. 680), and cit. Where such contract of suretyship was not under seal, although the note itself executed by the maker was under seal, the right of action upon this contract of suretyship was barred after six years from the date of maturity of the note, in the absence of any agreement which would have the effect of extending the bar created by the statute. *Thompson* v. *Bank of Buckhead,* 45 *Ga. App.* 94 (163 S. E. 255). It will be noted that the note sued on in the *Thompson* case, supra, antedated the adoption of the uniform negotiable-instruments law in this State. Under Code, § 14-604, "A person placing his signature upon an instrument other than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to become bound in some other capacity." Code, § 14-605, provides that "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivering, he is liable as indorser in accordance with the following rules: [rules stated]." Under the law of this State, where the payee of the note or the holder thereof indorses the same for the purpose of passing title, which act has been referred to as a technical indorsement, the same statutory bar is applicable to his contract of indorsement as was applicable to the maker of the instrument. In other words, if the note is a sealed instrument, the statutory bar applicable to the technical indorser is twenty years. *Milledge* v. *Gardner,* 29 *Ga.* 700; *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762. (42 S. E. 1002); *Thompson* v. *Bank of Buckhead,* supra.

Before the adoption of the uniform negotiable-instruments law, an irregular indorser, or an accommodation indorser, who merely wrote his name thereon to guarantee payment, and whose signature was not necessary to transfer title, was a surety, and was not liable on the paper as an indorser, and unless such signature was under seal his liability thereunder was barred after the lapse of six years. *Mitchell* v. *Graham,* 27 *Ga. App.* 60 (107 S. E. 373). Since the adoption of the uniform negotiable-instruments law, a person so

signing the instrument is deemed to be an indorser unless he clearly indicates his purpose, by appropriate words, to be bound in some other capacity. This court, in *Massell* v. *Prudential Insurance Co.,* *57 Ga. App.* 460 (196 S. E. 115), said: "An accommodation indorser, one who places his signature, without more, on the back of a note to give credit to the instrument, although formerly a surety, is, under the provisions of the negotiable-instruments law as adopted in this State, an indorser in the legal sense of the word, and not a surety." It was there held that such a person was entitled to notice and protest, just the same as any other so-called technical indorser. We think it follows in this case that in a legal sense R. F. Lyon is an indorser on this note, and, as such, the same bar of the statute is applicable to him as is applicable to the maker of the instrument. It has been formerly held that such an irregular indorser was a surety, but under the plain language of the section, in order for it to appear prima facie that he is not an indorser, he must clearly indicate, by appropriate words, his intention to be bound in some capacity other than that of indorser.

On the face of the instrument sued on R. F. Lyon, under the decision in the *Massell* case, supra, was an indorser and entitled to presentation and notice of dishonor. Being an indorser, the same statute of limitations applies to him as applies to the maker of the instrument, or as would apply to the payee upon his indorsement thereof to pass title. Such being the case the petition set out a cause of action, and the note being under seal, the indorser thereon must be taken to accede to the expressed nature and character of the instrument, and to be bound thereon as a technical indorser would have been bound under the law as it was before the adoption of the uniform negotiable-instruments act.

This holding does not prevent such an indorser from alleging and proving, as between the immediate parties to the note, his intention to be bound in a capacity other than indorser. *Massell* v. *Prudential Ins. Co.,* supra. Whatever may be the rule in other States with respect to allowing parol evidence to show that while, as a matter of law, prima facie, any person other than a maker, acceptor, or drawer of a negotiable instrument who places his name thereon is an indorser, unless he clearly indicates to the contrary by appropriate words (2 Daniel on Negotiable Instruments (7th ed.), 846), this matter is fixed by statute in this State. In *Pickett* v.

*Bank of Ellijay,* 182 *Ga.* 540 (186 S. E. 426), it was said: "The Code of 1910, § 5796 (Code of 1933, § 38-509), providing that 'Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements;' and section 63 of the negotiable-instruments act (Ga. L. 1924, p. 139, Code of 1933, § 14-604), . . should be construed in pari materia; and so construed, as between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsement, parol evidence is admissible to explain such indorsement; aliter as between third persons, or those taking without notice of dishonor, or without notice of the actual facts of such indorsement."

The petition set forth a cause of action. Under the negotiable-instruments act, R. F. Lyon is an indorser on such note. Such indorser legally occupies the same position as does what we have ordinarily termed a technical indorser, and the same statute of limitations applies as would apply to the maker of the note, whether such indorsement is under seal or not. It was error to sustain the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*