Hoadley vs. Bliss.

No. 57.—HENRY S. HOADLEY, plaintiff in error, *vs.* LUKE BLISS, defendant.

[1.] Letters from the indorser to the holder of a note, barred by the Statute, which bear date anterior to six years preceding the institution of suit: *Held*, to be inadmissible to take the case out of the Statute.

[2.] A note made payable *at either of the Banks in Macon : Held*, to be within the proviso to the Act of 1826, which dispenses with demand and notice to charge an indorser.

[3.] An indorser can waive demand and notice before the maturity of the note only; after its maturity, he can waive proof of demand and notice.

Assumpit, &c. in Early Superior Court. Tried before Judge WARREN, October Term, 1850.

This was an action by Hoadly against Bliss, as the indorser upon the following note :

$1660 50.                                        *December 25, 1837.*

On the first day of June next, we promise to pay to the order of Luke Bliss, sixteen hundred and sixty dollars and fifty cents, at either Bank in Macon, for value received.

(Signed,) CRAFT & LEWIS.

(Indorsed,) LUKE BLISS.

*Credits.*—February 11, 1841, $100 ; March 27, 1841, $100 ; April 28, 1841, $100 ; June 8, 1841, $84 12.

The suit was commenced on the 9th April, 1847, and there was in the petition a count upon a new promise alleged to have been made on 20th April, 1841.

On the trial, the following letter was read in evidence.

FORT GAINES, April 20, 1841.

*" Mr. H. S. Hoadly :*

Dear Sir—I enclose you herewith one hundred dollars, the best funds I could get. We don't get a dollar of Augusta bank bills in this quarter. The bearer of this, Dr. Gardner, will return in a short time. You could acknowledge receipt by him. Times are extraordinary hard on Merchants. I wish you could excuse me from paying anything more at present.                    Truly yours,          LUKE BLISS."

Three other letters were offered in evidence, dated, respectively, 16th January, 1841, 3d February, 1841, and 21st March, 1841, the first of which prayed indulgence upon the claim now in suit, and the two latter enclosed each the sum of $100.

The Court rejected the letters as evidence, on the ground that they bore date anterior to six years immediately preceding the commencement of the suit. This decision was excepted to by counsel for plaintiff.

The Court, among other things, charged the Jury, that to hold the defendant liable, as indorser upon the note, it was neces-

Hoadley *vs.* Bliss.

sary for the plaintiff to prove demand and refusal of the maker, and notice to the defendant; that the said note fell within the proviso to the Act of 26th December, 1826, " to define the liability of indorsers of promissory notes," &c. and that if plaintiff failed to prove notice of the demand and refusal, the defendant was discharged.

To which charge, plaintiff excepted.

On these two exceptions, error was assigned.

DOWNING, for plaintiff in error.

McDOUGALD and CARUTHERS, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The letters were rightfully rejected.   They could prove nothing of themselves, bearing date anterior to the six years preceding the suit.   If they contain evidence of a new promise to pay the note, that promise is barred.   There is no evidence to connect them with the payments made within six years, and cannot be, therefore, any part of the *res gestæ* of those payments.

[2.] We also think that this note is within the *proviso* to the Act of 1826.   It excepts from the operation of the Act, which declares demand and notice to be unnecessary to charge indorsers, "notes which shall be given for the purpose of negotiation, or intended to be negotiated at any chartered bank, or which may be deposited in any chartered bank for collection."   *Prince*, 462. This note is made payable at *either of the banks in Macon.*   The undertaking of the holder is, that he will have the note at one of those banks at maturity, and of the maker, that he will there pay it.   The presentation of a note at bank for payment, and the payment of it there, would be a collection of it at bank.   If the note be presented at bank by the holder, or any other person for him for payment at maturity, it is a deposit there for collection. When, therefore, the parties agree in the face of the note, that it shall be payable at bank, such agreement affords conclusive evidence that they intend it to be deposited there for collection;

VOL IX 39

and we are obliged to infer that it was so agreed for the very purpose of bringing it within the *proviso* of the Statute; that is, that it was the purpose and intent of the parties to this paper, that the indorser should have notice.    Again, it is fairly to be presumed, from the fact that this note is made payable at bank, that the parties intended it to be negotiated at bank.    This is the form in which notes are usually written when money is to be raised upon them at bank.    It is not an indispensable form, but it is the usage to make them payable at the bank where they are to be discounted.    It is convenient to have them so payable. The understanding of mercantile men and of the law merchant would be, I think, that where a note is thus drawn, the intention of the parties is, not that it necessarily must be, but that it may be negotiated—that is, sold—transferred to the bank.

I know not that anything more need be said on this assignment.

[3.] The presiding Judge held, that the indorser could waive demand and notice *before the note fell due,* and it is excepted that this was an error.    He could waive demand and notice at no other time.    It is true that he may, *after* it is due, waive his right to except to his liability, that is, waive proof of demand and notice, and the presiding Judge held nothing to the contrary of this.

Let the judgment be affirmed.