Moses Brian, executor, *et al.*, plaintiffs in error, *vs.* Martha B. Banks, defendant in error.

The Act of the Legislature of 1861, and the Ordinance of the Convention of 1865, *suspending* the running of the Statute of Limitations in this State, are recognized, and made valid by the *express* provisions of the Constitution of 1868.

1. An indorsement of a promissory note past due, for a valuable consideration, is a new contract, and the Statute of Limitations begins to run in favor of the indorser only from the date of the indorsement. Brown, C. J.

2. The Statute of Limitations was legally suspended for one year by the Act of December, 1860. Brown, C. J.

3. The Ordinance of the Convention, passed 1st November, 1865, declaring the Statute of Limitations, in all cases, civil and criminal, *to be and to have been* suspended from the 19th of January, 1861, and that it shall so continue until civil government is fully restored, or until the Legislature shall otherwise direct, has been legalized by the new Constitution, and the Ordinance of the Convention of 1868, so far as it does not divest vested rights. This made it valid, so far as it was prospective, but whether it could restore to plaintiff a right of action lost by the running of the statute for the *full period* prescribed by law before it passed, *quere.* Brown, C. J.

Complaint.   Statute of Limitations.   Decided by Judge Hutchins.   Hall Superior Court.   September Term, 1867.

This was complaint in favor of Martha B. Banks, against Moses Brian, as executor of N. K. Wright, deceased, and Abram Atkins, as endorser on two promissory notes, payable to Atkins or bearer, one dated the 29th of July, 1858, and the other dated the 20th of October, 1857, each due one day after its date, and each indorsed by Atkins on the 26th of January, 1859, and the 11th of July, 1860, respectively.

The executor plead that no notice of the debt had been given to him, *plene administravit preter*, and the statute of limitations. The endorser plead *non assumpsit*, payment, and the statute of limitations, and that, by indulgence of the maker, by the holder, he was discharged.

Whether any evidence was introduced, does not appear. The defendant's attorney confessed a judgment for the full amount of the notes. It is stated that upon the hearing, the

Judge ruled that the statute of limitations was suspended from the 14th of December, 1861, until the 1st of June, 1865, and that time was not to be computed against the plaintiff, and that the Act of the 14th of December, 1861, to suspend the statute of limitations, was of force till the end of the war.

This decision is assigned as error. (This cause was held up because the same was under the military order.)

E. M. JOHNSON, J. M. DORSEY, for plaintiffs in error.

JOHN GRAY, (represented by L. E. BLECKLEY,) for defendant in error.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is the ruling and deciding that the statute of limitations in this State did not run against the plaintiff's demands during the war, and that his right of action thereon was not barred. The plaintiff's action was instituted on the 26th February, 1866, to recover the amount due on two promissory notes against the maker and indorser, one of which was dated 20th October, 1857, due one day after date, and endorsed on the 11th July, 1860. The other note was dated 29th July, 1858, due one day after date, and indorsed on the 26th January, 1859. The defendants plead the statute of limitations in bar of the plaintiff's right to recover. The argument for the plaintiff in error is, that the statute having commenced to run, it was not suspended by the Act of 1861, because that Act was passed by an *illegal* Legislature. This argument, if true, proves too much for the defendants in the Court below, now plaintiff in error here. If there were no *legal legislatures* during the war, then there were no *legal courts,* in which the plaintiff below could have sued upon the notes. It is the judgment of a majority of this Court, that inasmuch as the Statute of 1860 suspended the running of the statute of limitations for one year, and the Act of 1861 suspended the running of the statute during the war,

and the ordinance of the Convention, on the first day of November, 1865, having declared the statute of limitations to be, and to have been, suspended, from the 19th of January, 1861, and that, inasmuch as the 3d paragraph of the 11th article of the Constitution of 1868 declares of *force* "all Acts passed by *any legislative body* sitting in this State as such, since the 19th day of January, 1861," (including Irwin's Code), and that inasmuch as the 5th paragraph of the 11th article of the Constitution of 1868 declares that "all rights, privileges, and immunities, which may have vested in, or *accrued* to, any person or persons, or corporation, in his, her, or their own right, or in any fiduciary capacity, under *any Act of any legislative body*, sitting in this State as such, since the 19th day of January, 1861, shall be held *inviolate* by all the courts of this State, unless attacked for fraud, or unless otherwise declared invalid by this Constitution;" that the plaintiff's right to recover upon the notes sued on is not barred by the statute of limitations; that the Act of 1861, as well as the Ordinance o 1865, suspending the running of the statute, are recognized and made valid by the *express* provisions of the Constitution of 1868; that "all rights, privileges, and immunities, which may have vested in, or *accrued* to any person, in his, her, or their own right," as specified in the 5th paragraph of the 11th article of the Constitution of 1868, includes the rights of *the plaintiff* as well as the rights of *the defendant*, whatever the same may be, and not the rights of the defendant *exclusively*.

Whatever may be said in regard to a *prescriptive* right to either real or personal property, under the provisions of the Code, having become vested by lapse of time, as prescribed thereby, under the 10th paragraph of the 11th article of the Constitution of 1868; still, there can be no vested right in the *remedy* under the statute of limitations. If a prescriptive right to property had commenced running, in favor of the possessor, prior to the war, whether it continued to run during the war, would depend, it would seem, upon whether, during that time, there was any *disability to sue in the courts*.

Brian, ex'r, *et al.*, *vs.* Banks.

However, that question is not now before us, and we will not discuss it.

Let the judgment of the Court below be affirmed.

BROWN, C. J., concurred in the judgment as follows:

1. An indorsement of a promissory note, past due, for a valuable consideration, is a new contract, and the statute of limitations begins to run in favor of the indorser only from the date of the indorsement.

2. The Statute of Limitations was legally suspended for one year, by the Act of December, 1860.

3. The ordinance of the Convention, passed 1st November, 1865, declaring the statute of limitations, in all cases, civil and criminal, *to be,* and *to have been,* suspended, from 19th January, 1861, and that it shall so continue until civil government is fully restored, or until the Legislature shall otherwise direct, has been legalized by the new Constitution and ordinance of the Convention of 1868, so far as it does not divest vested rights. This made it valid, so far as it was prospective, but whether it could restore to plaintiff a right of action lost by the running of the statute for the *full period* prescribed by law, before its passage, *quere?*

4. In this case, after deducting the year, during which it was suspended, the statute had not fully run in favor of the indorser, who is the party litigant, at the date of the Ordinance of 1865, by which it was suspended for the future, as above specified. For these reasons, I concur in the judgment pronounced by a majority of the Court, while I do not assent to all the propositions announced by them in the decision.