## WOODWARD *vs.* W. M. & R. J. LOWRY.

Where a promissory note, payable to order, contained a provision that " each of us, whether principal, security, guarantor or endorser, or other party hereto, hereby severally waives and renounces, each for himself and family, any and all homestead or exemption, . . . and each further waives demand, protest and notice of demand, protest and non-payment," and where the payee endorsed such note to give negotiability to the paper, he thereby became bound by all the terms and stipulations set forth in the contract, including waiver of demand and protest.

January 21, 1885.

Promissory Notes. Endorsement. Principal and Surety. Protest. Waiver. Contracts. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

The question in this case was whether one who endorsed notes of the following form thereby waived notice of demand and protest:

"$80.00.                                  ATLANTA, GA., June 1st, 1883.

"Thirty days after date, I promise to pay to the order of A. P. Woodward, eighty dollars at the banking house of W. M. & R. J. Lowry, for value received, with interest, after maturity until paid, at eight per cent per annum, with all costs of collection, including ten per cent as attorney's fees. Each of us, whether principal, security, guarantor, endorser or other party hereto, hereby severally waives and renounces, each for himself and family, any and all homestead and exemption rights, and any and all exemption of daily, weekly, monthly or yearly wages or salary of each of us, from the process of garnishment, either of us, or the family of either of us, may have under or by virtue of the constitution or laws of Georgia, any other state, or the United States, as against this debt or any renewal thereof; and each further waives demand, protest or notice of demand, protest and non-payment. Given under the hand and seal of each party.
(Signed)                             W. H. HOWELL (L. S.)"
(Endorsed). A. P. WOODWARD."

The court below held that demand and protest was waived, and this was assigned as error.

RICHARD H. CLARK; FRANK GORDON, for plaintiff in error.

R. P. TRIPPE & SON, for defendants.

BLANDFORD, Justice.

W. H. Howell made a note or contract in writing wherein he promised, thirty days after date, to pay to the order of A. P. Woodward, eighty dollars, at the banking house of W. M. & R. J. Lowry, Atlanta, Ga., for value received, with interest, after maturity, at eight per cent per annum, with all costs of collection, including ten per cent attorney's fees, and " each of us, whether principal, secu-

rity,. guarantor, endorser or other party hereto, waives and renounces, each for himself and family, homestead exemption, . . . and each further waives demand; protest and notice of demand, protest and non-payment." This paper was dated June 1, 1883. Woodward endorsed this paper by writing his name across the back, without more, and the same was discounted at the bank of defendants in error by them. Action was brought by them against Howell, as maker, and Woodward, as endorser, in a justice's court. Woodward insisted that, as defendants in error had not given him notice of demand and protest, he was discharged. The court below held otherwise, and this ruling is assigned here as error.

It has long ago been held that an endorser before maturity of a note may waive notice of protest for non-payment. 9 *Ga.*, 303. And the question here is as to whether the payee of such a paper as has been set out, who has endorsed the same, is to be held to have waived notice of protest of the same. We are of the opinion that the endorser, who is the payee, and whose endorsement is essential to give negotiability to the paper, does, by virtue of such endorsement, become bound by all the terms and stipulations mentioned and set forth in the contract endorsed by him; that waiver of demand and protest, by the terms of this note, is waiver of demand and protest by such endorser; that he makes this waiver by the maker or drawer of this note his own waiver by his act of endorsement; it is his contract with the endorsee. Dan. on Neg. Instruments, Vol. II., §1092; Code of Ga., §2780; 8 Bush. (Ky.), 43; 29 *Ga.*, 750; 7 *Id.*, 494; 27 *Id.*, 168, cited by defendants in error.

2 Kelly, 158; 38 *Ga.*, 300; 32 *Id.*, 28; 44 *Id.*, 603, 63·; 61 *Id.*, 595; 59 *Id.*, 776, 825; 55 *Id.*, 618; 19 Pick., 373; 2 Burrill L. D.; Story on Prom. Notes and Bills, cited by plaintiff in error.

Judgment affirmed.