THE WESTERN UNION TELEGRAPH COMPANY v. NUNNALLY.

A suit under the act of 1887 for the recovery of a penalty incurred by a telegraph company by reason of its failure to deliver a dispatch in due time is barred by section 2925 of the code within one year from the time the company's liability thereto was discovered or by reasonable diligence could have been discovered.

January 14, 1891. By two Justices.

Actions. Penalties. Limitations. Before Judge MEYERHARDT. City court of Floyd county. September term, 1890.

Reported in the decision.

BIGBY & BERRY and C. ROWELL, for plaintiff in error.
NUNNALLY & NEEL, by brief, *contra.*

BLECKLEY, Chief Justice.

It appears upon the face of the declaration that the cause of action arose and the plaintiff had knowledge of its existence more than one year before the institution of the suit. The statute of limitations was pleaded, and at the trial the defendant made a motion to dismiss the action because it was barred. This motion ought to have been granted, inasmuch as the plea was supported by facts which appeared on the face of the declaration. Under the code, §3459, the matter of the plea was available by motion, for the truth of it was established by the declaration itself. The action was for a penalty imposed by the act of 1887 upon the telegraph company for failure to deliver a message with due diligence. The act itself denominates the sum recoverable as a penalty, and this court, in *Western Union Telegraph Co.* v. *Taylor*, 84 *Ga.* 408, has held it to be a penalty for violating a statute by the breach of a public duty. And see Goodridge v. Union Pacific Railway Co., 35 Fed. Rep. 35.

Section 2925 of the code is in this language: " All

actions by informers to recover any fine, forfeiture or penalty, shall be commenced within one year from the time the defendant's liability thereto was discovered, or by reasonable diligence could have been discovered." The case is clearly within the spirit and meaning, if not within the very letter, of this section. The action is to recover a penalty, and it is brought by one who, if not literally an informer, is designated by statute to take the fruits of an action brought for the violation of a public penal law. The definition of informer given in Bouvier's Law Dictionary is, "A person who informs or procures an action against another whom he suspects of the violation of some penal statute." It will aid us in arriving at the true sense of the code to look back at the legislation which it superseded. The colonial act of 1767, Cobb's Digest, p. 563, contained this provision: "In all and every case where any penalty, fine or forfeiture whatsoever, hath been, or shall hereafter be inflicted or imposed by any act or acts of the General Assembly of this Province already passed, or hereafter to be passed, and the time of suing or prosecuting the offender or offenders against such acts not thereby provided, no information, action, suit or prosecution shall be had, brought, issued or commenced against the offender or offenders, against any such act or acts, for or in respect of any such penalty, fine or forfeiture, unless the same be done within six months after the passing of this act, if the offence hath been already committed, and within the like space of time after the offence committed, for the future; and all and every offender and offenders against any such act or acts, shall not from thenceforth be subject or liable to any penalty, fine or forfeiture which may thereby be inflicted or imposed, any law, usage, or custom to the contrary in any wise notwithstanding."

Then came the act of 1855 (Acts of 1855–6, p. 236),

in these words:  "Where any person shall be guilty of acts, which by the laws now in force, subject the offender to any penalty, fine or forfeiture and the time of suing or prosecuting such offender, is not otherwise provided for in this act, no action suit or indictment shall be brought against such offender unless the same be brought within one year next after the offence shall have been committed."

We have no doubt that the code intended to sum up all the cases provided for in these two previous statutes, and treat them as cases brought by informers. If this construction is not sustainable, then the code prescribed no limitation whatever for such an action as the one now under consideration, unless it falls within section 2916 which is in these words:  "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues."

We think it incredible that actions for penalties should have been limited to one year when brought by an informer, and to twenty years when brought by others not falling within the strict, literal description of informers.   There is every reason why the omission of a telegraphic company to deliver a message with due promptness should not be left open to suit for twenty years.   If any penalty whatever ought to be prosecuted for speedily, it would be one of this nature. To leave the company exposed to suit for the almost innumerable transactions of this kind for twenty years, would be simply absurd.   In Adams v. Woods, 2 Cranch, 342, Chief Justice Marshall said, speaking of a statute of the United States:  "In expounding this law, it deserves some consideration that, if it does not limit actions of debt for penalties, these actions might, in many cases, be brought at any distance of time.   This

. would be utterly repugnant to the genius of our laws. In a country where not even treason can be prosecuted after a lapse of three years, it can scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture." If all actions by informers for penalties are to be commenced within one year, it is much more reasonable to treat all persons empowered to sue for penalties as informers, than to hold that the right of action remains open for twenty years for a class of penalties which ought to be sued for speedily if any ought.                    *Judgment reversed.*