22747.  PORTER v. INGRAM, administrator.

DECIDED JULY 27, 1933.

Porter & Mebane, for plaintiff in error.  Barry Wright, contra.

JENKINS, P. J.   The amended petition of the plaintiff administrator shows that at some time in the past his intestate and the defendant indorsed a note to a bank, made by a corporation in which both were interested, that on failure by the corporation to pay the bank, the defendant wrote to the plaintiff's intestate a letter, enclosing two promissory notes representing the amount due the bank, signed by the corporation, one payable to the defendant and the plaintiff's intestate, and the other payable to the defendant, and both indorsed by the defendant.   The letter enclosing these notes was as follows:  "I regret my inability to finance any further at this end, and am enclosing you the notes for the principal and interest, and trust that you can send the First National Bank check for $5,200 to take up your note within the next few days.   While I am endorsing these notes for principal and interest, it is with the distinct understanding that in case of loss each of us loses equally, but if you will stay with this proposition and give the company time, I feel sure that we will not have any loss, but a nice profit on our stock."   Thereupon, acting on this proposal, plaintiff's intestate paid the old note due to the bank, on which both were indorsers, and accepted the two new notes inclosed with the letter. The petitioner sues for one half of the amount due on the two notes, and brings the suit, according to the petition, "by reason of" said

"two certain promissory notes." It is further alleged that the two notes last mentioned "are long past due and the defendant fails and refuses to pay his part of the same." There are also allegations, giving the history of the transactions, the date of the letter from the defendant and the date when the note due to the bank became due, and stating that "liability of the defendant to plaintiff arises by reason of the fact that the said [defendant and plaintiff's intestate] were sureties or indorsers" of the old note due to the bank, already referred to. The defendant demurred generally to the petition, on the ground that it set forth no cause of action, and that the allegations disclose that the suit is "an action on an open account and barred by the statute of limitations," and specially on the grounds that it is not alleged on what date the defendant and the plaintiff's intestate indorsed said previous note due to the bank, and when plaintiff's intestate "accepted the said two notes and paid off the note referred to at the First National Bank of Rome," and "the date on which said notes were paid off by" plaintiff's intestate. The defendant assigns error on the overruling of his demurrer, and contends that the suit is one for contribution, and that, the previous note having been paid more than four years preceding the action, it is barred by the statute of limitations, or if the petition should be amended to meet the special demurrer, it would be shown to be barred. The plaintiff contends that the action is on the two promissory notes, that no contribution or subrogation is involved, and that the bar of the statute would not exist until six years from the maturity of the notes, within which period the suit was filed.

1. The period of limitation for actions on promissory notes and other simple contracts in writing is six years after the obligations becomes due and payable. Such period for actions on contracts not under the hand of the party sought to be charged, or on an implied assumpsit, is four years after the right of action accrues. Civil Code (1910), §§ 4361, 4362. The right of one who has paid a promissory note, signed by himself and another as a coprincipal, to call on the latter for contribution under an implied contract for money paid, is limited to a period of four years. *Powell v. Powell,* 171 *Ga.* 840 (156 S. E. 677); *Sherling v. Long,* 122 *Ga.* 797, 799 (50 S. E. 935); *Watkins v. Woodbury,* 24 *Ga. App.* 80, 83 (100 S. E. 34); *McLin v. Harvey,* 8 *Ga. App.* 360 (69 S. E. 123); *Hall v. Harris,* 6 *Ga. App.* 822 (65 S. E. 1086).

2. Properly construed, the instant petition, while containing unnecessary allegations relative to the history of the transaction and the consideration for the notes sued on, is based on the promissory notes themselves as indorsed by the defendant, and their acceptance and ownership by the plaintiff, subject to the written condition in the letter accompanying the indorsement by the defendant that he was not to be liable for more than half of the amount of such notes; and the petition not being based on the payment of the former note due to the bank, which merely furnished the consideration for the new notes delivered to the plaintiff's intestate, or upon any discount and payment of the new notes to a third person as creditor, the rules as to contribution or subrogation of coindorsers or cosureties have no application, as contended, to this case, so as to control the period of limitation of the action. The petition being a suit on promissory notes, based upon a valid consideration, which was brought within the statutory period of six years, it was not error to overrule the demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*