36145. Mansour *v.* Fulton National Bank of Atlanta.

Felton, C. J. 1. Where the note sued on contained the provision, "Any extension or renewal of this note in whole or in part, or of the indebtedness evidenced thereby may be made without the consent of or notice to any endorser, maker, guarantor, surety, or other party to this note, and without affecting or lessening the liability of any such person," such provision contained in the face of the note was binding on the indorser. (*Woodward* v. *Lowry*, 74 *Ga.* 148, 159; *Cantrell* v. *Byars*, 66 *Ga. App.* 672 (2), 19 S. E. 2d 44; 8 Am. Jur. 456, § 808); and the amendment of the defendant setting up the defense that the defendant-indorser was released by reason of an extension of the note was properly stricken on motion. *Guaranty Mortgage Co.* v. *National Life Ins. Co.*, 55 *Ga. App.* 104, 118 (2) (189 S. E. 603); *J. R. Watkins Co.* v. *Fricks*, 210 *Ga.* 83 (78 S. E. 2d 2).

2. Assuming but not deciding that the evidence showed that the payee of the note sued on extended the time of payment or postponed the holder's right to enforce the instrument, so as ordinarily to discharge an indorser of the instrument (Code § 14-902 (6)), since the defendant had agreed that such an extension or postponement could be effected

without notice to him and without his consent, the evidence demanded a finding that the defendant had not been discharged by such extension or postponement.

3. There is no merit in the remaining assignment of error argued. An assignment of error not argued or expressly insisted upon will be treated as being abandoned.

The court did not err in striking the amendments to the plea and did not err in denying the amended motion for a new trial.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*

DECIDED APRIL 30, 1956.

*Jess H. Watson,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, George B. Haley, Jr.,* contra.