## 37680. PITMAN v. PITMAN.

CARLISLE, Judge. 1. The two motions to dismiss the writ of error are not meritorious and are denied.

2. The name "Pitman Manufacturing Company of Georgia" imports a corporation, nothing to the contrary appearing, and a promissory note which is signed "Pitman Mfg. Co. of Georgia, Alfred T. Pitman, Pres., Herbert E. Williams, Treas." is prima facie an obligation of Pitman Manufacturing Company of Georgia, and not the individual obligation of Alfred T. Pitman or Herbert E. Williams. *Harris* v. *Ackerman*, 88 *Ga. App.* 128 (2) (76 S. E. 2d 132), and cits.; cf. *Katz* v. *Teicher*, 98 *Ga. App.* 842 (107 S. E. 2d 250). Accordingly, where the petition in this case was brought against A. T. Pitman and Herbert E. Williams upon a promissory note signed in the style and manner above quoted, the petition was subject to general demurrer, and the trial court erred in overruling the general demurrer thereto filed on behalf of A. T. Pitman and in failing to dismiss the petition as to him.

3. It appears from the petition in the exhibits attached thereto that the note sued on was made payable to the order of the Citizens & Southern National Bank; that it was signed, "Pitman Mfg. Co. of Georgia, Alfred T. Pitman, Pres., Herbert E. Williams, Treas."; that written on the back was, "Alfred T. Pitman, W. D. Webb, Herbert E. Williams. Pay to the order of E. W. Pitman without recourse or warranty the Citizens and Southern National Bank by G. R. McKinnon, Vice-president." The indorsement of Alfred T. Pitman made him liable on the note as an irregular indorser. Code § 14-605. The liability of such an irregular indorser, though upon a promissory note which is as to the maker a sealed instrument, is barred after the lapse of six years from the time the right to sue accrued, unless such irregular indorser also contracted under seal. *Ridley* v. *Hightower*, 112 *Ga.* 476 (2) (37 S. E. 733). Under the ruling in that case, the instrument in this case was not a sealed instrument as to A. T. Pitman, and the action against him was barred by the statute of limitations, since the note was executed on October 9, 1948, and was due thirty days after date and the original petition in this case was not filed until September 21, 1955, which was more than six years after the instrument became due and payable. Code § 3-705. This question was properly raised by the defendant's plea in bar, and since the petition, together with the

exhibits attached thereto, showed these facts on its face, it was subject to be dismissed on motion as to the defendant Pitman, and the trial court erred in refusing to dismiss the action as to him. *Western Union Telegraph Co.* v. *Nunnally,* 86 *Ga.* 503 (12 S. E. 578).

4. On July 13, 1956, counsel for the plaintiff tendered an amendment which in effect added Pitman Manufacturing Company of Georgia as a party defendant. The trial judge allowed this amendment subject to objection and demurrer, and on the same day the pleading was filed in the office of the clerk of the civil court. Subsequently, on October 12, 1956, an order was entered requiring service on the Pitman Manufacturing Company, said order specifically directing service on A. T. Pitman, one of the original defendants, as agent for the corporation, and the record shows that the said A. T. Pitman was served on the same date. Thereafter the attorney for Pitman Manufacturing Company filed a demand for a jury trial on behalf of the corporation and filed an answer to the petition as amended on November 5, 1956. Various pleas, demurrers, motions and cross-motions were thereafter filed by parties plaintiff and defendant, but not until January 26, 1959, more than two years after the allowance of the amendment making Pitman Manufacturing Company of Georgia a party defendant, was an objection made to the allowance of the amendment on the ground, as set forth in a motion to dismiss the petition, that said amendment made a new party. Under all the circumstances and facts of this case, the trial court did not err in denying the motion to dismiss on the ground that the first amendment to the petition made a new and distinct party defendant to the cause of action. *Bower* v. *Thomas,* 69 *Ga.* 47 (3).

5. The petition in this case as amended alleged that the defendants named were liable to the plaintiff in a specified amount of principal, interest and attorney's fees on a past due and unpaid promissory note which was attached as an exhibit to the petition and by reference made a part thereof. The petition alleged that the plaintiff had made demand on certain of the defendants and that they had refused to pay the same. The petition alleging these facts was not so indefinite as to be subject to general demurrer under the rule announced and applied in *Jenkins* v. *Dunlop Tire &c. Corp.,* 71 *Ga. App.* 255 (3) (30 S. E. 2d 498) to the effect that indefiniteness in pleading may be taken advantage of on gen-

eral demurrer where it is as a whole so vague and indefinite as to be insufficient to support a recovery, and no special demurrer on this ground having been filed pointing out specifically the vagueness and indefiniteness in the petition complained of, the trial court did not err in overruling the general demurrer on this ground. See *Martin* v. *Gurley*, 74 *Ga. App.* 642 (1) (40 S. E. 2d 787); *Central of Ga. Ry. Co.* v. *Sharpe*, 83 *Ga. App.* 12, 22 (62 S. E. 2d 427).

6. The foregoing rulings substantially dispose of all of the issues raised by the assignments of error contained in the bill of exceptions. The other assignments of error and arguments advanced by counsel for the plaintiff in error as respects the asserted failure to join necessary parties defendant in the original petition and the asserted improper allowance of a change in election of remedies on the part of the plaintiff as respects the individual defendants are rendered moot by the ruling made in divisions 2 and 3 of this opinion.

*Judgment affirmed in part and reversed in part. Gardner, P.J., and Townsend, J., concur.*

DECIDED JUNE 18, 1959—REHEARING DENIED JULY 2, 1959.

*Cullen M. Ward, W. B. Jones,* for plaintiff in error.
*C. Lanier Randall, Jr.,* contra.