20625. PITMAN *v.* PITMAN.

ARGUED OCTOBER 14, 1959—DECIDED NOVEMBER 19, 1959—
REHEARING DENIED DECEMBER 2, 1959.

*C. Lanier Randall, Jr.,* for plaintiff in error.

*Ward, Brooks & Williams, Osgood O. Williams, Cullen M. Ward, W. B. Jones,* contra.

CANDLER, Justice. On October 9, 1948, Pitman Manufacturing Company of Georgia, a Georgia corporation, gave Citizens & Southern National Bank a negotiable promissory note under seal for $10,000, which matured thirty days after its date. Alfred T. Pitman, W. D. Webb, and Herbert E. Williams each indorsed the note by simply writing his name without more on the back of it. The payee of the note by a written transfer, which it placed on the back of the note assigned it, without recourse or warranty, to E. W. Pitman. On September 21, 1955, E. W. Pitman brought a suit on the note in the Civil Court of Fulton County against Alfred T. Pitman and Herbert E. Williams, and prayed for a judgment against them for stated amounts due him on the note as principal, interest, and attorney's fees. As an exhibit, he attached a copy of the note sued on to his petition, and by reference made it a part thereof. He afterwards amended his petition four times. His first amendment struck the introductory part of the original petition, which alleges that the suit was brought against Alfred T. Pitman and Herbert E. Williams, and inserted in lieu thereof a paragraph which alleges that his

suit is brought against Pitman Manufacturing Company of Georgia, a corporation; and against Alfred T. Pitman of Fulton County, Georgia; Herbert E. Williams, a nonresident of Georgia; and W. D. Webb, whose residence is unknown to the pleader. This amendment also struck paragraph one of the original petition, which alleges that Alfred T. Pitman and Herbert E. Williams are indebted to him in the amounts sued for, and alleges in lieu thereof that all of the parties named in the amendment as defendants are jointly and severally indebted to him in the amounts sued for in the original petition, the former as principal and the latter three as sureties, or accommodation indorsers. The defendant Pitman Manufacturing Company acknowledged service of the petition and process, and thereafter as a party defendant filed defensive pleadings to the merits of the cause as well as demurrers to the amended petition. The original petition, as it stood after being three times amended, was demurred to generally by the defendant A. T. Pitman on several different grounds, among which are: (1) that its allegations, including the exhibits attached thereto, are insufficient to state a cause of action against him alone; and (2) that the petition, as thus amended, shows on its face that the cause of action declared on is as to him barred by the statute of limitations, and for that reason cannot be maintained since there was a period of more than six years between the date the note matured and the date a suit was filed to collect it. The fourth amendment to the petition struck the words "sureties, or" wherever they appeared in any prior amendment to the petition, and inserted in lieu thereof the words "accommodation indorsers." As thus finally amended the petition sought a judgment against Pitman Manufacturing Company, as principal, and Alfred T. Pitman, W. D. Webb, and Herbert E. Williams, as accommodation indorsers, for the amounts sued for in the original petition; and the demurrers previously interposed were not renewed to the petition as thus finally amended. The defendant Alfred T. Pitman also made a written motion to dismiss the petition as finally amended on the grounds: that the maker of the note sued on had not been joined as party defendant as required by law, and that all parties who signed the note as indorsers had not been joined as parties defendant; that the

amended petition shows on its face that the plaintiff's right to maintain an action against him as an indorser of the note sued on is barred by the statute of limitations, since the petitioner had previously elected to sue him as a surety; that the allegations of the amended petition are too vague and indefinite to state a cause of action against him for the relief sought; and that new and distinct parties defendant had been made by amendment since the original petition was filed. The trial judge overruled his general demurrers and his written motion to dismiss the amended petition, and he excepted to those rulings, and sued out a bill of exceptions to the Court of Appeals. On its review of the case, the Court of Appeals held, in the second division of its opinion, that the trial judge erred in overruling the defendant A. T. Pitman's general demurrers to the petition and in failing to dismiss the petition as to him; and it also held, in the third division of its opinion, that "The liability of such an irregular indorser, though upon a promissory note which is as to the maker a sealed instrument, is barred after the lapse of six years from the time the right to sue accrued, unless such irregular indorser also contracted under seal. *Ridley* v. *Hightower*, 112 *Ga.* 476 (2) (37 S. E. 733). Under the ruling in that case, the instrument in this case was not a sealed instrument as to A. T. Pitman, and the action against him was barred by the statute of limitations, since the note was executed on October 9, 1948, and was due thirty days after date, and the original petition in this case was not filed until September 21, 1955, which was more than six years after the instrument became due and payable. Code § 3-705. This question was properly raised by the defendant's plea in bar; and since the petition, together with the exhibits attached thereto, showed these facts on its face, it was subject to be dismissed on motion as to the defendant Pitman, and the trial court erred in refusing to dismiss the action as to him. *Western Union Telegraph Co.* v. *Nunnally*, 86 *Ga.* 503 (12 S. E. 578). " *Pitman* v. *Pitman*, 99 *Ga. App.* 782 (109 S. E. 2d 909). In due time, E. W. Pitman, the plaintiff, filed an application to this court for the writ of certiorari, in which he assigned error on the above rulings only. On consideration of the assignments of error as thus made in his application, the writ was granted;

and, under repeated holdings by this court, no other rulings which the Court of Appeals made in the case can or will be considered by this court. See *Trammell* v. *Throgmorton,* 210 *Ga.* 659 (82 S. E. 2d 140), and the cases there cited.

■ Since the fourth amendment which the plaintiff made to his original petition materially changed his cause of action, it was necessary for the defendant A. T. Pitman to renew his demurrers to the petition as thus finally amended if he still relied on them; and this is true because the demurrers challenged the sufficiency of the petition to state a cause of action as it stood when the demurrers thereto were interposed, and not the sufficiency of its allegations to state a cause of action for the relief sought as they were in material respects changed by the plaintiff's fourth amendment. The defendant A. T. Pitman having failed to renew his demurrers to the petition as finally amended, the judgment overruling them presented only a moot question, and the Court of Appeals therefore committed error in holding that the trial judge erred in overruling the defendant Pitman's general demurrers and in failing to dismiss the petition on demurrer as to him. See *Mack* v. *Mack,* 213 *Ga.* 649 (100 S. E. 2d 732), and the cases there cited.

■ The other ruling which the Court of Appeals made in this case, on which error is assigned in the application for the writ of certiorari, is based on a ruling which this court made in *Ridley* v. *Hightower,* 112 *Ga.* 476, supra, twenty-four years before the passage and approval of the Uniform Negotiable Instruments Act of 1924 (Ga. L. 1924, p. 126 et seq.), and it is in irreconcilable conflict with the rulings in *Massell* v. *Prudential Insurance Company of America,* 57 *Ga. App.* 460 (196 S. E. 115); *Hopkins Automobile Equipment Co.* v. *Lyon,* 59 *Ga. App.* 468 (1 S. E. 2d 460); *Cantrell* v. *Byars,* 66 *Ga. App.* 672 (19 S. E. 2d 44); *Jordan* v. *Daniel,* 94 *Ga. App.* 456, 457 (4) (95 S. E. 2d 28), and *Glasser* v. *Decatur Lumber & Supply Co.,* 95 *Ga. App.* 665 (4) (99 S. E. 2d 330); all of which were decided after the passage and approval of the Uniform Negotiable Instruments Act of 1924. In holding in those five cases that a person who simply places his signature without more on the back of a negotiable instrument other than as maker, drawer, or acceptor is an in-

dorser and not a surety, the Court of Appeals cited as authority for its rulings Code § 14-604, a codification of section 63 of the Uniform Negotiable Instruments Act of 1924, which declares: "A person placing his signature upon an instrument other than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." And on § 14-605, a codification of section 64 of the same act, which provides: "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivering, he is liable as indorser, in accordance with the following rules: (1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties. . ." And it is a well-settled rule in this State, which needs no citation of authority, that such an indorsement by every indorser of a note under seal which is either for the purpose of passing title to the instrument or for the accommodation purpose of giving credit to it, is treated like the note itself as a contract under seal. Applying this rule and following, as we must, the provisions of the two quoted Code sections, we hold that the statutory bar applicable to the defendant A. T. Pitman as such an indorser is twenty years. *Milledge* v. *Gardner*, 29 *Ga.* 700; *Baldwin Fertilizer Co.* v. *Carmichael*, 116 *Ga.* 762 (42 S. E. 1002); *Thompson* v. *Bank of Buckhead*, 45 *Ga. App.* 94 (163 S. E. 255); *Massell* v. *Prudential Insurance Company of America*, supra; *Hopkins Automobile Equipment Co.* v. *Lyon*, supra; *Cantrell* v. *Byars*, supra.

Hence, the rulings upon which error is assigned in the application for the writ of certiorari are erroneous; and being so, they must be and are

*Reversed. All the Justices concur.*