38506. BELL, Assignee v. KLEINBERG.

DECIDED OCTOBER 20, 1960.

*Chas. C. Martin,* for plaintiff in error.
*Lewis, Wylly & Javetz,* contra.

FELTON, Chief Judge. ■ If the three parties signing the note were true comakers and not accommodation makers the court was correct in his judgment because the instrument was discharged when one or more comakers paid it, and the right to sue for contribution would arise by an implied contract of law to reimburse, and the statute would be four years. *Sherling v. Long,* 122 Ga. 797 (50 S. E. 935); *Porter v. Ingram,* 47 Ga. App. 266 (1) (170 S. E. 299) and cases cited; *Black v. Davidson,* 65 Ga. App. 780 (2) (16 S. E. 2d 525).

■ Since the enactment in Georgia of the Negotiable Instruments Law an accommodation party is no longer a surety for the accommodated as a legal consequence of the accommodation undertaking. The rule now is that the fact of suretyship must be written in the indorsement or there must be an express agreement that the accommodation party is signing as surety. *Cantrell v. Byars,* 66 Ga. App. 672 (19 S. E. 2d 44); *Pitman v. Pitman,* 215 Ga. 585 (111 S. E. 2d 721) and cases cited on page 589. The ruling in *Hull v. Myers,* 90 Ga. 674 (16 S. E. 653), and other cases adopting the ruling to the effect that an action by an accommodation party against another for contribution could be brought on the instrument as well as on the basis of an implied contract to reimburse is no longer the law. This ruling means that the right to sue for contribution is not derived from the negotiable instrument contract but is derived from the Code section subrogating a surety to the rights of the obligee under the contract in which the relationship of principal and surety existed. Since under the Negotiable Instruments Law, where the accommodating party is not a surety, but a mere accommodation party, the right to contribution can rest solely on the implied contract for contribution for the reason that there is nothing in the Negotiable Instruments Law which expressly or impliedly provides for a right of contribution on the part of an accommodation party who pays more than his share, so the old cases no longer control. *Reed v. Liberty Nat. Bank &c. Co.,* 44 Ga. App. 544 (162 S. E. 154), concurred in by two judges, will not be followed. While the authorities are in conflict on this question in other jurisdictions the majority view is in accord with our conclusion if not always with our reason-

ing. 140 A. L. R. 889. Such cases as *Pitman v. Pitman,* 215 Ga. 585, supra, are not authority to the contrary because in those cases the action is not for contribution but one against parties liable, primarily and secondarily, by one who paid the amount due on the instrument to the payee. Such an action is on the instrument, in which case the statute of limitation is determined by the face of the instrument.

The court did not err in sustaining the demurrer setting up the statute of limitation.

*Judgment affirmed. Nichols and Bell, JJ., concur.*