### 38740. WHOLESALE ELECTRIC SUPPLY COMPANY v. BAGLEY.

Decided April 10, 1961.

*Joseph M. Brown*, for plaintiff in error.

*Talley Kirkland*, contra.

FELTON, Chief Judge. This is a very unusual case and we have not been able to find any authorities governing, in Georgia or elsewhere. We are cognizant of the rule that pleading should be construed against the pleader. Even under this rule we think there is only one construction to be placed on the petition. W. T. Bagley was indebted to the Wholesale Electric Supply Co. for certain equipment purchased from it. A. Kreitman was indebted to W. T. Bagley under a contract between them, with which the plaintiff was not concerned. We do not think it can be disputed that the petition alleges that it was the intention of the parties to the note sued on to accomplish the following purpose to wit: To enter into an agreement whereby A. Kreitman was to obligate himself to pay to W. T. Bagley the amount of the note, and that Bagley was to indorse the note to the plaintiff and to become bound to the plaintiff on said note as if it had been made payable to Bagley alone and by him indorsed to the plaintiff. The confusion in this case arises from the fact that the note was made payable to Bagley and the plaintiff as joint payees. This was not the conventional way to handle this transaction, but, since the parties evidently intended that the consequences of the contract as made would be the same as if

the note had been made payable to W. T. Bagley and by him transferred to the plaintiff, we see no reason why the note as executed cannot be construed to accomplish the same purpose. In order to do this the indorsement by W. T. Bagley on the back of the note must be construed to have a dual meaning. One meaning is that he indorsed it to transfer his interest as a copayee to the plaintiff; the other is to construe his indorsement, in addition to the above, as an indorsement for value principally for the benefit of the plaintiff and secondarily as a benefit to the maker. In such circumstances the plaintiff would be authorized to sue W. T. Bagley as an indorser on the note even if the plaintiff had not negotiated the note to the bank. It therefore follows that after the note was renegotiated by the bank to the plaintiff, the plaintiff was authorized to sue W. T. Bagley as it could have done before the plaintiff negotiated the note to the bank. Under the allegations, the payees in the note were not joint payees in the ordinary meaning of the expression. It was not intended that the maker of the note pay to the payees money, part of which belonged to both of the payees. The note as executed, in view of the waiver of presentment, demand, protest, and notice thereof by the indorsers, is in effect equivalent to two notes in one, one from Kreitman to Bagley and one from Bagley to the plaintiff, with the additional incident that the note to Bagley was theoretically indorsed and given as collateral security to secure the note from Bagley to the plaintiff. The circumstances of this case take it out of the general rule that where one of two joint payees transfers his interest to his copayee the latter may not sue the indorsing payee on the instrument. 8 C. J. 340, 341, Bills & Notes, § 516. This is not a case in which one of two payees, upon paying the full debt can recover from his copayee a proportionate part on the theory of contribution, for it was never contemplated that part of the sum due by the maker was to be the property of both payees jointly, or that part was to belong to one and part to the other. See *Bell v. Kleinberg*, 102 Ga. App. 623 (117 S. E. 2d 262). Parol evidence is admissible to show in what capacity one indorses a negotiable instrument and to explain the true relationship of all parties. *Bowden v. Owens*, 33 Ga. App. 700 (127 S. E. 664);

Beutel's Brannan, Negotiable Instruments Law, 7th Ed., p. 559, and cit.; *Code* § 38-509. The court erred in disallowing the amendment and in sustaining the demurrer to the original petition, and in dismissing the action.

*Judgment reversed. Nichols and Bell, JJ., concur.*