### 42082. BAYNE v. SUN FINANCE COMPANY No. 1.

EBERHARDT, Judge. 1. In a suit against one who signed a promissory note as an apparent comaker and which included a waiver by all parties to the note, "whether principal, security, guarantor, endorser or other party," of "demand, protest and notice of demand, protest and nonpayment and defenses by reason of any extension of time of its payment that may be given by the holder . . . to them or any of them," it was not error to strike a defensive plea in which the defendant, one of the apparent makers, contended that he, being a surety, was released by an extension of time granted to another for payment. *Mansour v. Fulton Nat. Bank of Atlanta*, 93 Ga. App. 809 (92 SE2d 839) ; *Bell v. Kleinberg*, 102 Ga. App. 623 (117 SE2d 262).

■ It must appear from the allegations of the petition that the payee in a note representing a transaction under the Industrial Loan Act was duly licensed to operate thereunder when the obligation was incurred, i.e., when the note was executed. *Robinson v. Colonial Discount Co.*, 106 Ga. App. 274, 278 (126 SE2d 824). This is required in order to show that the plaintiff sues upon a lawful obligation. It would appear that the petition here falls short of this requirement since the only allegation as to licensing was in the naming of the plaintiff at the beginning of the petition, "The petition of Sun Finance Company #1, a licensee under the Industrial Loan Act of Georgia." Cf. *Owsley & Son v. Woolhopter*, 14 Ga. 124 (1); *Keenan Welding Supplies Co. v. Bronner*, 100 Ga. App. 400 (1a) (111 SE2d 140); *Compton v. Weekes*, 107 Ga. App. 283 (1) (129 SE2d 824).

■ As a condition precedent to recovery upon an obligation incurred under the provisions of the Industrial Loan Act it must appear that the obligee was licensed under the Act to engage in the business of making loans, etc., thereunder. *Jobson v. Masters*, 32 Ga. App. 60 (2) (122 SE 724).

■ Where there was no allegation in the petition that the obligee in the note sued upon was duly licensed at the time the obligation was incurred and there was no proof of that fact before the court, it was error to enter what amounted to a default judgment after striking the defenses referred to in Headnote 1 and then striking the remainder of the answer as being nothing more than a plea of general issue against an unconditional contract in writing to pay. While a plea of general issue is not available against an unconditional contract in writing to pay (*Richey v. Johnson*, 21 Ga. App. 41 (93 SE 514)), this type of obligation is conditional upon the fact of license at the time it was incurred, and the holder's right to enforce it is conditional upon a showing of that fact, the burden being upon him. *Southland Loan &c. Co. v. Brown*, 53 Ga. App. 786, 787 (187 SE 131).

■ While there was no demurrer to the petition upon the ground that it failed to allege this necessary fact, and no general demurrer was filed to the action, the striking of all defensive pleadings and entering of a judgment did not cure the defect in the petition. "[W]here there is a default judgment, 'nothing can be presumed but what appears in the declaration.' Hemmenway v. Hickes, [Mass.] 4 Pick. 497. The reason why

the rule in reference to curing a defective pleading does not apply to cases of judgments by default is that in such cases the introduction of proof is not required, and the judgment therefore would not show that the plaintiff had made out a case upon which he was entitled to recover." *Sheffield v. Causey*, 12 Ga. App. 588, 593 (77 SE 1077). Whether there was a lawful license is more than a mere matter of form. "Defendant's default operates as an admission only of those material facts which are well and properly pleaded in plaintiff's declaration or complaint. . . Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment." *Summerour v. Medlin*, 48 Ga. App. 403, 407 (172 SE 836).

■ "A defendant who passes over, without demurring, a petition which is fatally defective in that it does not set forth a cause of action may still attack the same on this ground . . . by assigning error on the judgment by a direct writ of error sued out in time. . ." *Kelly v. Strouse*, 116 Ga. 872 (5a) (43 SE 280).

Consequently, this error, being properly raised upon appeal, requires a reversal. We do not deal with a situation in which the necessary fact of license was properly alleged and admitted, either expressly or by failure of the defendant to deny it. Nor do we deal with the ordinary situation when the defect, being amendable, is not one upon which the plaintiff's right to enforce the obligation is conditional. Generally, amendable defects are cured by the judgment unless there is an actual want of a cause of action. *Rollins v. Personal Finance Co.*, 49 Ga. App. 365, 366 (2) (175 SE 609).

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

Argued June 10, 1966—Decided July 5, 1966.

*N. T. Anderson*, for appellant.

*Fryer, Hays & Turk, Joel J. Fryer*, for appellee.